IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SALVADOR OCHOA-CUEVAS,

Defendant.

**8:22-CR-178**

**ORDER ON DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE**

This matter is before the Court on defendant Salvador Ochoa-Cuevas's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Filing 48. The defendant seeks "a modification or reduction of [his] sentence pursuant to 18 U.S.C. § 3582(c) and Amendments USSG 4c1.1 and USSG 5c1.1(b), which made reduction in offense level retroactive for certain zero-point offenders." Filing 48 at 1. The defendant's motion is denied.

In April of 2025, the defendant was sentenced to 120 months of custody and 5 years of supervised release after he pleaded guilty to distributing 50 grams or more of methamphetamine (actual). Filing 43 (Text Minute Entry); Filing 46 (Judgment). The defendant's guideline custody range was 120 to 135 months, and his guideline calculations included a two-level reduction because he met "the criteria at USSG §§4C1.1(a)(1)-(10)" and was therefore "a Zero-Point Offender." Filing 44 at 6 (paragraph 33). The defendant's sentence of 120 months was the statutory mandatory minimum, and it was the specific sentence agreed to by the parties in their Rule 11(c)(1)(C) plea agreement. Filing 36 at 3. In the motion presently before the Court, the defendant appears to argue for a sentence reduction based on U.S.S.G. § 4C1.1, the zero-point offender guideline. Filing 48 at

1–2. Under 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)." "[A] defendant is eligible for a discretionary § 3582(c)(2) reduction if his applicable guidelines range is lowered by a retroactive amendment listed in [U.S.S.G] § 1B1.10(d)." *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017). Amendment 821, which added U.S.S.G. § 4C1.1 to the United States Sentencing Guidelines, appears in the list of covered amendments in U.S.S.G. § 1B1.10(d) and is therefore retroactively applicable. Amendment 821's retroactivity does not help the defendant here. Not only was the defendant sentenced well after Amendment 821 went into effect on November 1, 2023, but the defendant has also already received the benefit of being a zero-point offender at the time of sentencing. *See* Filing 44 at 6. The Court therefore denies the defendant's motion to reduce his sentence on this ground. Accordingly,

IT IS ORDERED that defendant Salvador Ochoa-Cuevas's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Filing 48, is denied.

Dated this 7th day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge